```
                     United States District Court
                      Central District of California
```

**UNITED STATES OF AMERICA vs.**                    CR **09-291-R**
Defendant **JESUS ANDRES TRUJILLO**                 S.S.#-------7752

Residence:          N/A                    Mailing:    SAME

---

### JUDGMENT AND PROBATION/COMMITMENT ORDER
---

In the presence of the attorney for the government, the defendant appeared in person, on:  NOVEMBER 30, 2009
                                Month / Day / Year

COUNSEL:
  ____  WITHOUT COUNSEL
        However, the court advised defendant of right to counsel and asked if defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.
  XX    WITH COUNSEL Edward Robinson, retained

X PLEA:
  XX    GUILTY, and the Court being satisfied that there is a factual basis for the plea.
  ____  NOLO CONTENDERE           ____  NOT GUILTY

FINDING:
  There being a jury verdict of ____ GUILTY, defendant has been convicted as charged of the offense(s) of: Use of interstate facilities to transmit information about a minor in violation of Title 18 USC 2425 as charged in count 2 of the indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
  The Court asked whether defendant had anything to say why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgement of the court that:

   The defendant is placed on PROBATION for a term of five (5) years under the following terms and conditions: the defendant 1) shall, in the custody of the Bureau of Prisons, be placed in a jail-type facility for a term of sixty (60) days; 2) shall, upon release from custody from the 60 days in a jail-type facility in the custody of the Bureau of prisons, be placed on sixty (60) days of home detention, under such monitoring restrictions as directed by the Probation Office; 3) shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; 4) shall refrain from any unlawful use of a controlled substance, and shall submit to 1 drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, not to exceed 8 tests per month, as directed by the Probation Officer; 5) shall perform twenty-five hundred (2500) hours of community service, as directed by the Probation Officer; 6) shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment; 7) shall cooperate in the collection

-- GO TO PAGE TWO --                                          **WH**
                                                          Deputy Clerk

```
U.S.A. V. JESUS ANDRES TRUJILLO                              CR 09-291-R
-- CONTINUED FROM PAGE ONE --                                  PAGE TWO
======================================================================
                 JUDGMENT AND PROBATION/COMMITMENT ORDER
======================================================================
```
of a DNA sample from the defendant; 8) shall appear in person before the Court every 120 days, as directed by the Probation Officer; 9) shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, as approved and directed by the Probation Officer, and the defendant shall abide by all rules, requirements, and conditions of such program, and the Probation Officer shall disclose the presentence report or any previous mental health evaluations or reports to the treatment provider; 10) shall grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the Probation Officer and sign all necessary releases to enable the Probation Officer to monitor the defendant's progress, and the Probation Officer shall disclose the presentence report, and any mental health evaluations to the treatment provider; 11) shall, as directed by the Probation Officer, pay all or part of the costs of treating the defendant's mental health treatment to the aftercare contractor during the period of probation, pursuant to 18 U.S.C. 3672, and the defendant shall provide payment and proof of payment as directed by the Probation Officer; 12) defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer, and the defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move; 13) shall not associate or have verbal, written, telephonic or electronic communication with any person under the age of 18, except: a) in the presence of the parent or legal guardian of said minor, and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense, however, this provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services; 14) shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), which have been disclosed to the Probation Officer upon commencement of supervision; any changes or additions are to be disclosed to the Probation Officer prior to the first use; computers and computer-related devices are personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers; 15) all computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure; this shall not apply

-- GO TO PAGE THREE --                                    _____WH_____
                                                          Deputy Clerk

**U.S.A. V.JESUS ANDRES TRUJILLO**                          CR 09-291-R
-- CONTINUED FROM PAGE TWO --                                PAGE THREE
================================================================
**JUDGMENT AND PROBATION/COMMITMENT ORDER**
================================================================

to items used at the employment's site, which are maintained by the employer; 16) shall be subject to the installation of monitoring software and hardware and shall pay the cost of the computer monitoring in an amount not to exceed $30 per month per device connected to the Internet; 17) shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

IT IS FURTHER ORDERED that defendant pay to the United States a special assessment of $100.00, which is due immediately.

IT IS FURTHER ORDERED that defendant pay a fine to the United States in the amount of $2,500.00; the fine shall be due during the period of imprisonment at the rate of not less than $25.00 per month. Any amount of the fine unpaid after release from custody shall be made in monthly installments of at least $100.00; these payments shall begin 30 days after release from custody.

IT IS FURTHER ORDERED that count 1 of the indictment is dismissed.

Defendant is advised of his right to appeal.

IT IS FURTHER ORDERED that the commencement of the 60 days of incarceration in a jail-type facility in the custody of the Bureau of Prisons is stayed until January 11, 2010 at 12 noon, by which date and time the defendant shall self-surrender to the designated facility or to the U.S. Marshal at the Roybal Federal Building/Courthouse located at 255 East Temple Street, Los Angeles, CA 90012, for commencement of service of his 60 days incarceration in a jail-type facility.

IT IS FURTHER ORDERED that the bond of the defendant shall be exonerated upon his completion of 60 days of incarceration in a jail-type facility in the custody of the Bureau of Prisons.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by:  District Judge  _____
                            **MANUEL L. REAL**

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                            Terry Nafisi, Clerk of Court

Dated/Filed  December 1, 2009      By_____/S/_____
             Month / Day / Year           William Horrell, Deputy Clerk

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution- pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

_____        _____
Date                         Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

_____        _____
Filed Date                   Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
Defendant                             Date


_____                  _____
U. S. Probation Officer/Designated Witness   Date